**UNITED STATES DISTRICT COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| PATRICK PLUMLEY,<br><br>             Plaintiff,<br><br>      v.<br><br>PZENA INVESTMENT MANAGEMENT, INC., RICHARD S. PZENA, JOHN P. GOETZ, WILLIAM L. LIPSEY, CHENYU CAROLINE CAI, STEVEN M. GALBRAITH, JOEL M. GREENBLATT, RICHARD P. MEYEROWICH, CHARLES D. JOHNSTON, and SHAVAR D. JEFFRIES,<br><br>             Defendants. | Case No.<br><br>**COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS**<br><br>JURY TRIAL DEMANDED |

Plaintiff Patrick Plumley ("Plaintiff"), upon information and belief, including an examination and inquiry conducted by and through his counsel, except as to those allegations pertaining to Plaintiff, which are alleged upon personal belief, alleges the following for his Complaint:

**NATURE OF THE ACTION**

1. Plaintiff brings this action against Pzena Investment Management, Inc. ("Pzena" or the "Company") and its corporate directors for violating Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78n(a), 78t(a), and U.S. Securities and Exchange Commission ("SEC") Rule 14a-9, 17 C.F.R. §240.14a-9 ("Rule 14a-9"), in connection with the proposed acquisition of the Company by Pzena Investment Management, LLC ("PIM, LLC") and its wholly owned subsidiary, Panda Merger Sub, LLC ("Merger Sub").[1]

---

[1] The proposed acquisition of the Company described herein is referred to as the "Proposed

2.     On July 26, 2022, the Company entered into an Agreement and Plan of Merger with PIM, LLC and Merger Sub (the "Merger Agreement").   The Merger Agreement provides that Pzena stockholders will receive $9.60 in cash for each share of Company common stock hold.

3.     The Company's corporate directors subsequently authorized the September 27 2022 filing of the materially incomplete and misleading Schedule 14A Definitive Proxy Statement (the "Proxy Statement") with the SEC.  The Proxy Statement, which recommends that Company stockholders vote in favor of the Proposed Transaction, omits or misrepresents material information necessary and essential to that decision.  Defendants authorized the issuance of the false and misleading Proxy Statement in violation of Sections 14(a) and 20(a) of the Exchange Act.

4.     It is imperative that the material information omitted from the Proxy Statement is disclosed to the Company's stockholders prior to the forthcoming stockholder vote so that they can properly exercise their corporate suffrage rights, among other things.[2]

5.     For these reasons and as set forth in detail herein, Plaintiff seeks to enjoin Defendants from taking any steps to consummate the Proposed Transaction unless and until the material information discussed below is disclosed to the Company's stockholders or, in the event the Proposed Transaction is consummated, to recover damages resulting from the defendants' violations of the Exchange Act.

---

Transaction."  The Company is the sole managing member of PIM, LLC, which is Pzena's operating company.  In addition,  Richard S. Pzena ("R. Pzena"), the Company's Chief Executive Officer ("CEO"), formed PIM, LLC, in 1995.

[2] The Special Meeting at which stockholders will be asked to approve the Proposed Transaction currently is scheduled for October 27, 2022.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over the claims asserted herein for violations of Sections 14(a) and 20(a) of the Exchange Act and SEC Rule 14a-9 promulgated thereunder pursuant to Section 27 of the Exchange Act, 15 U.S.C. § 78aa, and 28 U.S.C. § 1331 (federal question jurisdiction).

7. Personal jurisdiction exists over the defendants because each defendant either conducts business in or maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

8. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because defendants are found or are inhabitants or transact business in this District.

## THE PARTIES

9. Plaintiff is, and has been at all times relevant hereto, the owner of PZENA common stock.

10. Defendant Pzena is a Delaware corporation, with its principal executive offices located at 320 Park Avenue, New York, New York 10022. Pzena's shares trade on the New York Stock Exchange under the ticker symbol "PZN." Founded in 2007, Pzena is the sole managing member of PIM, LLC. PIM, LLC is a value-oriented investment management company founded in 1995 by the Company's CEO, R. Pzena. Since its inception, the Company has built a global client base of institutional investors, select third-party distributed mutual funds for which the Company acts as sub-investment adviser, and funds for which the Company acts as investment adviser. PIM, LLC was formed for the purpose of managing investment portfolios for and providing investment advice to, investors of all kinds.

11. Defendant R. Pzena is and has been the Company's CEO, Co-Chief Investment Officer, Chairman of the Board and a director of the Company at all times relevant hereto.

12. Defendant John P. Goetz is and has been President, Co-Chief Investment Officer, and a director of the Company at all times relevant hereto.

13. Defendant William L. Lipsey is and has been President, Head of Business Development and Client Service, and a director of the Company at all times relevant hereto.

14. Defendant Chenyu Caroline Cai is ad has been Executive Vice President and a director of the Company at all times relevant hereto.

15. Defendant Steven M. Galbraith is and has been a director of the Company at all times relevant hereto.

16. Defendant Joel M. Greenblatt is and has been a director of the Company at all times relevant hereto.

17. Defendant Richard P. Meyerowich is and has been a director of the Company at all times relevant hereto.

18. Defendant Charles D. Johnston is and has been a director of the Company at all times relevant hereto.

19. Defendant Shavar D. Jeffries is and has been a director of the Company at all times relevant hereto.

20. Defendant Defendants identified in paragraphs 11-19 are collectively referred to herein as the "Board" or the "Individual Defendants."

**SUBSTANTIVE ALLEGATIONS**

**The Proposed Transaction**

21. On July 26, 2022, Pzena announced in relevant part:

NEW YORK, July 26, 2022 -- Pzena Investment Management, Inc. (NYSE: PZN) ("PZN") today announced that it has entered into an agreement to become a private company through a transaction in which holders of PZN Class A common stock will receive $9.60 per share in cash. Under the terms of the definitive agreement, PZN will merge with and into a newly formed subsidiary of its operating company, Pzena Investment Management, LLC ("PIM"), in an all-cash transaction that implies an enterprise value for PZN of approximately $795 million. The $9.60 per share price represents a premium of 49% to PZN's closing stock price on July 26, 2022, and a premium of approximately 46% over the 90-calendar day volume weighted average price. PZN plans to maintain its regular quarterly dividend of $0.03 per share for the third quarter of 2022, which the Board declared earlier today.

The Board of Directors of PZN formed a special committee consisting of the independent and disinterested directors of PZN (the "Special Committee") to evaluate and negotiate the definitive agreement. Following a robust negotiation process, the Special Committee concluded unanimously that the proposed transaction is in the best interests of the holders of PZN's Class A common stock. Acting upon the Special Committee's recommendation, the Board of Directors of PZN approved the transaction.

Upon completion of the transaction, Pzena Investment Management will be a privately-held company owned by the existing partners of PIM. All of Pzena Investment Management's leadership and investment professionals are anticipated to remain in place and will retain substantially all of their equity interest in the business.

"We are excited to begin this new chapter for our firm after 15 years as a public company," said CEO Richard Pzena. "I would like to thank the Special Committee for its work in reaching this agreement. We believe the transaction is in the best interest of Pzena's Class A stockholders, and will enhance our ability to achieve investment excellence on behalf of our clients."

The transaction is expected to close in the fourth quarter of 2022, subject to approval by PZN stockholders, including a special approval of holders of a majority of the Class A shares not held by persons who will remain as investors in PIM following the closing, receipt of applicable regulatory approvals, and other customary closing conditions.

In connection with the proposed transaction, PZN entered into a voting agreement with certain members of PZN's management team, as a result of which all outstanding shares of Class B common stock will be voted in favor of the transaction.

Ardea Partners LP and CastleOak Securities, L.P. are acting as financial advisor, and Wachtell, Lipton, Rosen & Katz is acting as legal advisor, to the Special Committee.

J.P. Morgan Securities LLC is acting as exclusive financial advisor, and Milbank LLP is acting as legal advisor, to Pzena Investment Management, LLC.

**The Materially Incomplete and Misleading Proxy Statement**

22. The Board caused to be filed the materially incomplete and misleading Proxy Statement with the SEC on September 27, 2022. The Proxy Statement, which recommends that PZENA stockholders vote their shares in favor of the Proposed Transaction, fails to disclose material information to Company stockholders, or provides them with materially misleading information, concerning: (a) the financial forecasts for the Company, as well as the financial analyses underlying the fairness opinion provided by the financial advisors to the special committee of the Board ("Special Committee"), Ardea Partners LP ("Ardea") and CastleOak Securities, L.P. ("CastleOak"); (b) the background of the Proposed Transaction; and (c) potential conflicts of interest faced by the Ardea and CastleOak.[3]

*Material Misrepresentations and/or Omissions Concerning Financial Forecasts for Pzena and the Financial Advisors' Respective Analyses*

23. The Proxy Statement fails to disclose material information concerning the financial forecasts for PZENA, including the Company's projected unlevered after tax net income from July 1, 2022 to December 31, 2027 utilized by Ardea in its *Discounted Cash Flow Analysis*.[4] The Proxy Statement further fails to disclose the definition of unlevered after tax net income and all underlying line items to these forecasts.

24. The Proxy Statement next fails to disclose the Company's projected free cash

---

[3] Ardea and CastleOak will be collectively referred to herein as the "Financial Advisors."

[4] *See* Proxy Statement at 33.

flows from Q4 2022 through fiscal year end 2027 utilized by CastleOak in its *Discounted Cash Flow to Equity Analysis*.[5] The Proxy Statement further fails to disclose the definition of free cash flows and all line items underlying these forecasts.

25. The Proxy Statement also fails to disclose material information concerning the Financial Advisors' analyses.

26. With respect to the *Discounted Cash Flow Analysis* performed by Ardea, the Proxy Statement fails to disclose: (a) the Company's terminal year unlevered net income; (b) the Company's terminal values; (c) net debt and other balance sheet items; and (d) diluted share information.

27. With respect to the *Present Value of Future Stock Price and Dividends Analysis* performed by Ardea, the Proxy Statement fails to disclose the estimated distributions to be paid per share of PZN Class A common stock for each of 2022 through 2027.

28. With respect to the *Discounted Cash Flow to Equity Analysis* performed by CastleOak, the Proxy fails to disclose: (a) the Company's terminal values; and (b) the implied fully diluted number of shares used in the analysis.

29. With respect to *Selected Comparable Company Analysis* performed by CastleOak, the Proxy Statement fails to disclose: (a) the individual multiples and financial metrics for each of the selected companies analyzed by CastleOak; (b) the Company's net excess cash as of June 30, 2022; (c) the present value of certain net tax savings; and (d) the implied fully diluted share count used in the analysis.

30. With respect to the *Selected Precedent Merger Analysis* performed by

---

[5] *See id.* at 45.

CastleOak, the Proxy Statement fails to disclose: (a) the individual multiples and financial metrics for each of the selected transactions analyzed by Ardea; (b) the Company's net excess cash as of June 30, 2022; (c) the present value of certain net tax savings; and (d) the implied fully diluted share count used in the analysis.

*Material Misrepresentations and/or Omissions Concerning the Background of the Proposed Transaction*

31. The Proxy Statement fails to disclose material information concerning the background of the Proposed Transaction, including whether the confidentiality agreement the Company executed with the firm identified in the Proxy Statement as "Party 2" includes a "don't-ask, don't-waive" standstill provision that is still in effect and presently precluding Party 2 from submitting a topping bid for the Company.

*Material Misrepresentations and/or Omissions Concerning Ardea's and CastleOak's Potential Conflicts of Interest*

32. The Proxy Statement fails to disclose material information concerning the potential conflicts of interest faced by the Company's financial advisors, Ardea and CastleOak.

33. The Proxy Statement fails to disclose whether Ardea has performed any services for Pzena, PIM, LLC, R. Pzena or their affiliates in the two years preceding the date of its fairness opinion and, if so, the amount of any compensation received for such services.

34. Similarly, the Proxy Statement fails to disclose whether CastleOak has performed any services for R. Pzena or any of his, Pzena's or PIM, LLC's affiliates in the two years preceding the date of its fairness opinion and, if so, the amount of any compensation received for such services.

35. The omission of the above-referenced information renders statements in the "Unaudited Prospective Financial Information of the Company," "Opinions of the Company's

Financial Advisors," and "Background of the Merger" sections of the Proxy Statement materially incomplete and misleading in contravention of the Exchange Act. Absent disclosure of the foregoing material information prior to the stockholder vote, Plaintiff and the other stockholders of PZENA will be unable to make a sufficiently informed decision in connection with the Proposed Transaction and are thus threatened with irreparable harm warranting the injunctive relief sought herein.

## CLAIMS FOR RELIEF

## COUNT I

**Claims for Violation of Section 14(a) of the Exchange Act and Rule 14a-9 Promulgated Thereunder Against the Individual Defendants and Pzena**

36. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

37. The Individual Defendants disseminated the false and misleading Proxy Statement, which contained statements that, in light of the circumstances under which they were made, omitted to state material facts necessary to make the statements therein not materially misleading, in violation of Section 14(a) of the Exchange Act and Rule 14a-9. Pzena is liable as the issuer of these statements.

38. The Proxy Statement was prepared, reviewed, and/or disseminated by the Individual Defendants. By virtue of their positions within the Company, the Individual Defendants were aware of this information and their duty to disclose this information in the Proxy Statement.

39. The Individual Defendants were at least negligent in filing the Proxy Statement with these materially false and misleading statements.

40. The omissions and false and misleading statements in the Proxy Statement are material in that a reasonable stockholder will consider them important in deciding how to vote on the Proposed Transaction. In addition, a reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available in the Proxy Statement and in other information reasonably available to stockholders.

41. The Proxy Statement is an essential link in causing Plaintiff and the Company's stockholders to approve the Proposed Transaction.

42. By reason of the foregoing, defendants violated Section 14(a) of the Exchange Act and Rule 14a-9 promulgated thereunder.

43. Because of the false and misleading statements in the Proxy Statement, Plaintiff is threatened with irreparable harm.

## COUNT II

### Claims for Violation of Section 20(a) of the Exchange Act
### Against the Individual Defendants

44. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

45. The Individual Defendants acted as controlling persons of Pzena within the meaning of Section 20(a) of the Exchange Act as alleged herein. By virtue of their positions as officers and/or directors of Pzena and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Proxy Statement, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that Plaintiff contends are false and misleading.

46.     Each of the Individual Defendants was provided with or had unlimited access to copies of the Proxy Statement alleged by Plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

47.     In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same.  The Proxy Statement contains the unanimous recommendation of the Individual Defendants to approve the Proposed Transaction.  They were thus directly involved in the making of the Proxy Statement.

48.     By virtue of the foregoing, the Individual Defendants violated Section 20(a) of the Exchange Act.

49.     As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the Exchange Act and Rule 14a-9, by their acts and omissions as alleged herein.  By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the Exchange Act.  As a direct and proximate result of defendants' conduct, Plaintiff is threatened with irreparable harm.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment and preliminary and permanent relief, including injunctive relief, in his favor on behalf of the Company, and against defendants, as follows:

A.      Preliminarily and permanently enjoining defendants and all persons

11

acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction and any vote on the Proposed Transaction, unless and until defendants disclose and disseminate the material information identified above to Company stockholders;

   B. In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages to Plaintiff;

   C. Declaring that defendants violated Sections 14(a) and/or 20(a) of the Exchange Act;

   D. Awarding Plaintiff the costs of this action, including reasonable allowance for Plaintiff's attorneys' and experts' fees; and

   E. Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all claims and issues so triable.

Dated: October 11, 2022    **LONG LAW, LLC**

    By: */s/ Brian D. Long*
      Brian D. Long (#4347)
      3828 Kennett Pike, Suite 208
      Wilmington, DE 19807
      Telephone: (302) 729-9100
      Email: BDLong@LongLawDE.com

      *Attorneys for Plaintiff*